AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| JAMES TERRELL BOOKER | ) Case No. **CR 22-70177-MAG** |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 1, 2021 in the county of Monterey County in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

Please see attached affidavit.
Penalties: Maximum Ten Years Imprisonment, Maximum $250,000 Fine, Up to Three Years Supervised Release, $100 Special Assessment Fee

☑ Continued on the attached sheet.

/s/ Patrick Malate/ SvK
*Complainant's signature*

Patrick Malate, Special Agent, HSI
*Printed name and title*

Approved as to form  /s/
AUSA  Nedrow

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) this ____ day of _____, 2022

Date: 02/14/2022

*Judge's signature*

City and state: San Jose, California

HON. SUSAN VAN KEULEN, U.S.M.J.
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

I, Patrick Malate, a Special Agent of the Department of Homeland Security, Homeland Security Investigations ("HSI" or the "Agency"), being duly sworn, depose and state as follows:

### OVERVIEW AND AGENT BACKGROUND

1. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7). As a federal agent, I am authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

2. This affidavit is made in support of an application for a criminal complaint against James Terrell BOOKER for a violation of 18 U.S.C. § 922(g)(1). As set forth in detail below, there is probable cause to believe that on December 1, 2021, BOOKER was a convicted felon in possession of ammunition.

3. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. This affidavit does not set forth all of my knowledge about this matter; it is intended to only show that there is sufficient probable cause for the requested complaint.

### AFFIANT BACKGROUND

4. I am a special agent with Homeland Security Investigations (HSI), which is part of the larger Department of Homeland Security. I have been a special agent with HSI since January 17, 2010. As an HSI agent, I am authorized to investigate violations of United States law, and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

5. I am currently assigned to the HSI Monterey office, which covers Monterey County, within the Northern District of California. I have received formal training at the Federal Law Enforcement Training Center in Glynco, Georgia. During this six-month training, I received several hundred hours of instruction in law enforcement investigations, including specific methods for investigating firearms violations.

6.      During my career as a special agent with HSI, I have conducted or participated in numerous criminal investigations, including those involving criminal street gangs, firearms, and narcotics.  In connection with those investigations, I have participated in the execution of search warrants and assisted in the gathering of evidence.  I have had the opportunity to interview gang members, drug dealers, and knowledgeable confidential informants about their lifestyles, appearances, and habits.  I have become familiar with the manner in which gang members and drug dealers use cellular phones, wireless messaging, digital photography, social media, intentionally vague language, coded communications and slang-filled conversations, false and fictitious identities, and other means to facilitate their illegal activities and to thwart law enforcement investigations.  Additionally, throughout my law enforcement career, and as part of my participation in this investigation, I have spoken with, worked with, and gained knowledge from experienced federal, state, and local investigators about criminal street gang investigations.

## APPLICABLE STATUTES

7.      Title 18, United States Code, Section 922(g)(1) prohibits any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## FACTS SUPPORTING PROBABLE CAUSE

8.      On November 30, 2021, the Seaside Police Department (SSPD) Investigations unit received information from a United States Probation Officer regarding BOOKER, an individual who was subject to a term of federal supervised release pursuant to a previously imposed federal sentence for felony drug trafficking.  The Probation Officer indicated that BOOKER was a "Crip Seaside Family Gang" gang member who was subject to a condition of supervised release prohibiting him from associating with other gang members.  The Probation Officer noted that BOOKER was subject to a search condition pursuant to his term of supervised release.  The Probation Officer stated that BOOKER possibly had a suspended driver's license.

9. On December 1, 2021, at approximately 2:42 p.m., Seaside Detective Parker was driving eastbound on San Pablo Avenue, in Seaside, California, and observed BOOKER driving a blue Dodge Charger on San Pablo Avenue. Parker temporarily lost sight of the car. A few minutes later, Parker observed the blue Charger in the 2000 block of Del Monte Avenue. Parker saw the blue Charger drive over double yellow lines and travel northbound in the southbound lane, conduct which constituted a traffic violation. Parker conducted a license plate check of the California license plate (8CRJ248) attached to the rear of the car. Dispatch advised Parker that the registered owner of the blue Charger was BOOKER.

10. Parker saw the blue Charger pull into the Retired Men's Social Club (RMSC) parking lot located at 2087 Del Monte Boulevard. Parker continued driving and positioned his car where he could maintain a view of the parking lot and the blue Charger backed into a parking space. Parker was unable to see if BOOKER was still in the vehicle or had entered the RMSC.

11. Parker contacted Seaside Investigations Sergeant Doza. Doza contacted the U.S. Probation Officer and confirmed that BOOKER was subject to federal supervision and that BOOKER was subject to search conditions while on federal supervised release.

12. At approximately 3:20 p.m., Seaside officers approached the blue Charger and determined BOOKER was not in the car. Detectives Parker and Suarez entered the RMSC. Parker observed BOOKER walk towards a small window located on the southside wall. Parker and Suarez approached BOOKER and detained him in handcuffs. Parker observed BOOKER place an object on a table with his right hand. Parker then observed two cellphones on the table. Initially, Parker collected both cellphones. Subsequently, Parker determined that one of the cellphones belonged to BOOKER's adult daughter, and this cellphone was returned to her. Suarez collected the other cellphone, an iPhone belonging to BOOKER.

13. Seaside officers searched BOOKER's person and found car keys which opened the blue Charger driven by, and registered to, BOOKER.

14. Suarez and Officer Snell searched the blue Charger. During the search, Suarez found three rounds of .38 caliber ammunition along with Santa Clara County Sheriff's Office

3

reports in a brown file folder in the trunk of the car.  The Sheriff's Office reports in the brown file folder did not contain BOOKER's name on them; however, the brown file folder was found in the trunk immediately next to a blue folder containing paperwork which did have BOOKER's name on it.  Due to officer safety concerns, further search of the vehicle in the RSMC parking lot was postponed, and the blue Charger was towed and stored for a search the following day.

15. Booker was transported and booked into the Seaside jail.  BOOKER denied ownership of the ammunition.

16. On December 2, 2021, I participated in a search of the blue Charger.  During the search, law enforcement located two City of San Jose parking citations, both dated July 2, 2021, for BOOKER's vehicle and a Jeep registered to a third party in Victorville, and mail for another individual.

17. On December 16, 2021, Suarez reviewed an image made of BOOKER'S iPhone cellphone.  Among other items, Suarez found conversations between BOOKER and other individuals, a photo of a page from a Santa Clara County report, and photos of suspected illegal narcotics and firearms.

18. On January 24, 2022, Bureau of Alcohol Tobacco and Firearms Oakland Special Agent A. Balady examined the photographs of the three rounds of .38 caliber ammunition found in the brown file folder in the trunk of BOOKER'S car.  Special Agent Balady has specialized training in the manufacture, origin and identification of firearms, and ammunition.  Special Agent Balady noted the cartridge headstamp marked with "HORNADY 38 SPL" on the ammunition, and stated that the ammunition was not manufactured in the state of California.

19. I have reviewed BOOKER's criminal history.  BOOKER has two prior federal felony drug trafficking violations.  On July 9, 1999, BOOKER was sentenced to 81 months imprisonment following a felony conviction for violating 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base.  On September 26, 2011, BOOKER was sentenced to 104 months imprisonment, to be followed by a five-year term of supervised release, by the Hon. Edward J. Davila, United States District Judge for the Northern District of

California, following a felony conviction for violating 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Crack Cocaine, Case No. CR 09-00136-EJD.  Among other conditions of supervised release, BOOKER's sentence prohibited him from possessing ammunition.

20. I have reviewed the judgment and commitment order for BOOKER's 2011 felony drug trafficking conviction in Case No. CR 09-00136-EJD.  The judgment and commitment order identifies BOOKER'S count of conviction as a Class A Felony on the first page.  Furthermore, I am aware from my own experience as a federal agent, and conversations with federal prosecutors, that it is a requirement in federal court criminal proceedings for the Court to advise defendants of the maximum penalties both at the time of their arraignment and at the time they enter a guilty plea.  Because BOOKER entered a guilty plea in U.S. District Court in the Northern District of California on April 27, 2009 in Case No. CR 09-00136-EJD, and received a sentence of 104 months on that same case following his guilty plea, I believe it is reasonable to conclude that BOOKER was aware that he had been convicted of a crime punishable by a term of imprisonment of greater than one year by virtue of his guilty plea in Case No. CR 09-00136-EJD.

## CONCLUSION

Based on the information above, there is probable cause to believe that BOOKER has committed a violation of 18 U.S.C. § 922(g)(1) – Convicted Felon in Possession of Ammunition.

I swear under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

/s/ Patrick Malate/SvK
PATRICK MALATE
Special Agent, HSI

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this 14 day of February 2022.

HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge