1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **NORTHERN DISTRICT OF CALIFORNIA**
10

11
12  UNITED STATES OF AMERICA,          Case Nos. 09-cr-0136 EJD (NC) and
           Plaintiff,                 No. 22-cr-70177 MAG
13
14        v.
15  JAMES T. BOOKER,                   **DETENTION ORDER**
           Defendant.                 Hearing: 2/17/2022
16
17
18

19
20       In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on February
21  17, 2022, held a hearing to determine detention or release on supervisory conditions for
22  defendant James Booker.  He is charged in this case with violating the terms of his
    supervised release in case No. 09-cr-0136 EJD and by criminal complaint in case No. 22-cr-
23  70177 MAG with a felony for the alleged possession of ammunition by a felon, in violation
24  of 18 U.S.C. § 922(g).  The defendant appeared at the hearing with his counsel Jerry Fong,
25  with all parties appearing remotely by Zoom video.
26       Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged
27  with violation of supervised release has the burden of establishing by "clear and convincing
28

evidence" that he or she will not flee or pose a danger to any other person or to the community.  Here, Booker did not establish evidence to overcome this burden.  The Court considered home detention with electronic monitoring, a custodian, and family sureties, and the package of release conditions recommended by defense counsel.   The Prosecution, Pretrial Services, and Probation all recommended detention.  Ultimately, despite ties to the community and familial support, Booker's recent and poor performance while on community supervision, and his long and serious criminal record, lead the Court to conclude that no combination of conditions may presently be imposed that would mitigate the risks of non-appearance and danger to the community.  Consequently, the Court orders the defendant Booker to be detained.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: February 18, 2022

Nathanael M. Cousins
United States Magistrate Judge